# Max M. Betz et al., Plffs. in Err., v. Hetty Greenwaldt, Exrx.

In an action on an insolvent's bond an affidavit of defense is sufficient if it alleges that the bond was not forfeited on the day the insolvent's petition was dismissed, that the hearing was fixed not for that day but for a subsequent one and had been continued by a rule, not yet disposed of, to show cause why the order dismissing the petition should not be rescinded, and

NOTE.—The surrender of the prisoner, when the discharge is refused, will relieve the surety. Rowand v. Smiley, 96 Pa. 165; Greenwaldt v. Kraus, 148 Pa. 517, 24 Atl. 67. A refusal of the sheriff to receive him will not change the rule. Saunders v. Quigg, 112 Pa. 546, 3 Atl. 814; Marks v. Drovers' Nat. Bank, 114 Pa. 490, 6 Atl. 774. But an offer to surrender upon the issuance of a commitment will not release the surety. Stout v. Quinn, 9 Pa. Super. Ct. 179, 43 W. N. C. 418. The surrender should be to the sheriff (Keim v. Saunders, 120 Pa. 121, 13 Atl. 710; Ranington v. Bennett, 3 Phila. 343), and should be made on the day fixed for appearance. Gallagher v. Kenedy, 2 Rawle, 163; Frick v. Kitchen, 4 Watts & S. 30; Kelly v. Stepney, 4 Watts, 69. See Greenwaldt v. Kraus, 148 Pa. 517, 24 Atl. 67.

that on the day the petition was dismissed the insolvent surrendered himself to the keeper of the county prison.

(Argued March 29, 1887.   Decided April 11, 1887.)

January Term, 1887, No. 140, E. D., before Mercur, Ch. J., Trunkey, Sterrett, Green, and Clark, JJ.   Error to Common Pleas No. 3 of Philadelphia County to review a judgment in favor of the plaintiff for want of a sufficient affidavit of defense in an action of debt.   Reversed.

This was an action by Hetty Greenwaldt, executrix of Louis Greenwaldt, deceased, against Max M. Betz and Constantine Krause on the following bond executed by them, a copy of which was duly filed:

"Know all Men by these Presents, That we, Constantine Krause and Max Betz, are held and firmly bound unto Louis Greenwaldt in the sum of $8,000 lawful money of the United States of America to be paid to the said Louis Greenwaldt, executors and administrators; to which payment, well and truly to be made, we do bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents, sealed with our seals, dated the — day of August, 1886.   Whereas, the above bounden Constantine Krause has been arrested or detained in the county of Philadelphia, by virtue of a *capias ad satisfaciendum* at the suit of the said Louis Greenwaldt for the sum of $4,000 and costs; and the said Constantine Krause having made application to the judges of the court of common pleas of the county of Philadelphia, in compliance with the provisions of the act of general assembly of the commonwealth of Pennsylvania, passed the 16th day of June, 1836, entitled 'An Act Relating to Insolvent Debtors,' to give bond to the said Louis Greenwaldt with such security as should be required and approved by the said court; and the said court, upon the said application, having required security in the sum of $8,000, and having approved of the said Max Betz as security for the said Constantine Krause, now, the condition of this obligation is such that if the said Constantine Krause shall appear at the next term of the court of common pleas of said county, and then and there present his petition, for the benefit of the insolvent laws of this commonwealth, and comply with all the requisites of the said law, and abide all the orders of the said court in that

behalf; or in default thereof, and if he fail in obtaining his discharge as an insolvent debtor, that he shall surrender himself to the jail of the said county, then this obligation to be void; otherwise to be and remain in full force and virtue."

With the copy was filed an averment "that said bond became forfeited by reason of the noncompliance with its terms; that the alleged insolvent did not appear at the next term of the said court; whereupon, his petition was discharged, and the insolvency proceedings quashed."

The defendant Krause filed an affidavit of defense, to the following effect:

"The bond sued on was not forfeited on October 16, 1886, when the petition of the deponent in insolvency was dismissed. The hearing of said matter was fixed for October 23, 1886, and has since been continued by the court under a rule to rescind said order dismissing the petition. Deponent, on October 16, 1886, surrendered himself to the keeper of the Philadelphia county prison, who received him as a prisoner, in accordance with the terms of said bond, and no breach of the conditions of said bond have ever occurred. All of which facts defendant expects to be able to prove upon a trial of the said cause."

The following affidavit of defense was filed by the defendant Betz:

"Max M. Betz, being duly sworn, deposes and says that he is one of the defendants in the above case and is the surety on the bond given in this suit by Constantine Krause to take the benefit of the insolvent laws of this commonwealth.

"This affiant says that the said insolvent, Constantine Krause, has surrendered himself to the jail of Philadelphia county as provided in said bond, in case the said insolvent failed to obtain his discharge as an insolvent debtor. And this affiant further says that he is advised by his counsel that this bond is one which does not entitle the plaintiff to judgment for want of an affidavit of defense."

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which the court made absolute.

The assignments of error specified the action of the court: (1) In entering judgment for want of a sufficient affidavit of defense; (2) "because it appears by the affidavit of Constantine Krause, the insolvent, that he surrendered himself on October 16 to the keeper of the Philadelphia county prison, who re-

ceived him as a prisoner, in accordance with the terms of said bond; and that no breach of the conditions of said bond has ever occurred. And also it appears by the affidavit of Max M. Betz, who is the surety on the bond, that the said Constantine Krause, the said insolvent, did surrender himself to the jail of Philadelphia county as provided in said bond;" (3) "because the affidavits of defense distinctly raise the question of fact whether or not the said Constantine Krause did surrender himself to the jail of Philadelphia county as provided in said bond;" (4) "because the copy of the bond filed is not such an instrument as comes within the affidavit of defense law, entitling the plaintiff in this action to judgment for want of a sufficient affidavit of defense;" (5) "because it appears by the record that the suit upon the bond was premature, as it appears by the affidavit of defense that the hearing of said matter in insolvency was fixed for October 23, 1886, and has since been continued under a rule to rescind said order, dismissing the petition, and suit was commenced upon this bond on October 18, as appears by the docket entries;" and (6) because the affidavits were sufficient to prevent judgment.

*Lewin W. Barringer, John H. Fow, E. A. Anderson, Thomas R. Elcock,* and *F. Carroll Brewster,* for plaintiffs in error.— The copy of the bond filed is not an instrument within the affidavit of defense law.

A bail piece is not within the law. Com. v. Steelman, 2 Miles (Pa.) 405.

Nor a sheriff's recognizance. Com. use of Dauphin County v. Hoffman, 74 Pa. 105.

It is admitted as a matter of original practice in these cases that averments may be made that the conditions of certain bonds have been broken; but where, as in this case, these averments are distinctly denied by affidavit of the defendant, the averment amounts to nothing against the oath of the defendant. The averment and the oath of the defendant, taken together, raise a distinct question of fact for a jury to pass upon. Borlin v. Com. 99 Pa. 42; Dauphin & S. Coal Co. v. Dasher, 1 Pearson (Pa.) 148; Strock v. Com. 90 Pa. 272.

The suit upon the bond was premature. This affidavit says that no right of action had accrued upon the bond because the insolvent had not had a hearing in the insolvency case; that

the hearing was fixed for October 23, 1886. Suit was brought on this bond October 18, 1886, although no cause of action could arise upon it until after October 23. Besides, rules were pending to show cause why the order of court should not be rescinded. McGovern v. Hoesback, 53 Pa. 176.

That there was a full compliance with the spirit as well as with the letter of the bond can be seen by referring to the language of this court in the case of Mullen v. Wallace, 2 Grant Cas. 389. See also Gallagher v. Kenedy, 2 Rawle, 166; Potts v. Fitch, 2 Pa. St. 173.

*Bradbury Bedell* and *Frederick B. Vogel,* for defendant in error.—The averment of the breach of the condition of the bond was that the alleged insolvent did not appear at the next term of the said court; whereupon, his petition was discharged and the insolvency proceedings quashed.

The next court of common pleas is the first period of time succeeding the day of giving the bond, fixed by the court for hearing insolvent debtors, provided fifteen days' notice can be given by the debtor of his application, *i. e.,* of having filed his petition. Ingraham, Insolvency, p. 28.

In cases where the petition is dismissed because the party does not attend when his case is called up, the practice is for the crier to call upon him to come forth and support his petition, or it will be dismissed. Id.

The order of the court declares that the debtor did not appear at the day fixed for his hearing; whereupon the petition was dismissed and the insolvency proceedings quashed. This order made by a court of competent jurisdiction is conclusive as to the fact that the debtor did not comply with all things required by law to entitle him to a discharge; and cannot be the subject of inquiry in a collateral suit. Being a decree of a court having jurisdiction, it is immaterial what may have induced the decision; it is not subject to review in this court in a case growing out of it, and the making of this order has never been excepted to; and no assignment of error has been based upon it. Sheets v. Hawk, 14 Serg. & R. 173, 16 Am. Dec. 486; Heilner v. Bast, 1 Penr. & W. 267.

A surrender to jail before the day of hearing does not save a forfeiture of the bond. Kelly v. Stepney, 4 Watts, 69.

A surrender to jail on the day of hearing and after an ap-

pearance, the petition not being in accordance with the act of assembly, does not save a forfeiture of the bond. Detwiler v. Casselberry, 5 Watts & S. 179.

A surrender to jail on the day of hearing, the insolvent being present in court house, but not having personally appeared in court, does not save a forfeiture of the bond. Wolfram v. Strickhouser, 1 Watts & S. 379.

The cases cited by plaintiff in error as to the insufficiency of the copy filed were brought to recover an uncertain sum of money upon bonds for the performance of collateral conditions. In the present case the bond is for a fixed sum; and the damages under it according to the law are the debt, interest and costs in the suit in which it was filed. Rush v. Clifford, 10 W. N. C. 238.

But no decision is needed in this case, for the act of March 12, 1842, § 2, P. L. p. 67, expressly brings bonds given by debtors and their sureties with the conditions prescribed in § 6 of the act of the 16th of June, 1836, entitled, "An Act Relating to Insolvent Debtors," within the provisions of the affidavit of defense law in Philadelphia county.

As to the averment and the oath of the defendant raising a distinct question of fact for a jury to pass upon, it is sufficient to say that the averment sets forth what the record itself showed, that the insolvent did not appear; the affidavit evades this averment, which could not be contradicted without contradicting the record, sets forth that there was no forfeiture or surrender to jail, "and that no breach of the conditions of the bond has ever occurred."

This is simply a general denial without any statement of facts, and a mere averment of a conclusion of law which is insufficient. Marsh v. Marshall, 53 Pa. 396; Bardsley v. Delp, 88 Pa. 420; Stitt v. Garrett, 3 Whart. 281; Dewey v. Dupuy, 2 Watts & S. 553.

Every fact must be averred, and nothing left to inference. Peck v. Jones, 70 Pa. 83.

It is claimed by the fifth assignment of error that the action was prematurely brought, because the affidavit of defense says that the record of the court below in this very case is untrue; in other words, the lower court erred because it would not receive parol evidence to contradict its own record; and that, too, as to matters especially within the knowledge and conscience of

the court. That this cannot be done is so clear that it is unnecessary to cite other authorities than Sheets v. Hawk, 14 Serg. & R. 173, 16 Am. Dec. 486; Hoffman v. Coster, 2 Whart. 453; and Graham v. Smith, 25 Pa. 323.

The bail can only be exonerated by a surrender upon the day the petition is dismissed, in cases where the dismissal of the petition is based upon the insolvent's nonresidence for the required time within the state; or where his insolvency arose from gambling, or purchase of lottery tickets, or where he has been guilty of embezzlement or fraud; in all of which cases he is prevented from complying with the condition of the bond by operation of law, at the instance of the creditor or the court, and not by any default in himself in complying with the provisions of the insolvent act. In these cases the surrender furnishes the body to answer the criminal offense, for which the surety did not undertake to answer. Wolfram v. Strickhouser, 1 Watts & S. 379; Kelly v. Stepney, 4 Watts, 69; Detwiler v. Casselberry, 5 Watts & S. 179.

Although the failure of the debtor to conform with the requirement of the act arises from ignorance or an honest mistake, it is no excuse, and the bond becomes forfeited. Detwiler v. Casselberry, 5 Watts & S. 179.

PER CURIAM:

The facts averred in the affidavit of defense are sufficient, if proved, to carry the case to a jury. Saunders v. Quigg, 112 Pa. 546, 3 Atl. 814.

Judgment reversed and a *procedendo* awarded.